# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

| | | |
|---|---|---|
| MP STAR FINANCIAL, INC., | ) | CASE NO.: |
| | ) | |
| Plaintiff, | ) | JUDGE: |
| | ) | |
| v. | ) | Filed Pursuant to a Subpoena Issued in |
| | ) | Connection with Case No. 1:19-cv-00537, |
| NEXIUS SOLUTIONS, INC., | ) | Presently Pending in the Northern District |
| | ) | of Ohio, Eastern Division |
| Defendant. | ) | |
| | ) | **BRIEF IN SUPPORT OF** |
| | ) | **PLAINTIFF'S MOTION TO** |
| | ) | **COMPEL COMPLIANCE AND FOR** |
| | ) | **CONTEMPT** |

## STATEMENT OF ISSUES PRESENTED

1. MP Star Financial, Inc. ("MP Star") served a subpoena *duces tecum* on non-party witness All Cell Communications, Inc. ("All Cell") regarding the above-captioned lawsuit. The subpoena commanded All Cell to produce specified documents on or before November 27, 2019. To date, All Cell has failed to respond to and/or timely make objections to MP Star's subpoena duces tecum. The issue is whether this Court should compel All Cell's compliance pursuant to MP Star's subpoena *duces tecum*?

2. After serving All Cell with a subpoena *duces tecum*, MP Star attempted on two different occasions to resolve this dispute before seeking this Court's intervention. MP Star sent, by regular U.S. mail and certified mail, return receipt requested, a reminder letter to All Cell on December 5, 2019 and January 9, 2020. All Cell has ignored MP Star's subpoena *duces tecum* and subsequent correspondence. The issue is whether this Court should find All Cell in contempt for intentionally failing to comply with the subpoena duces tecum?

## **CONTROLLING AUTHORITY**

Fed. R. Civ. P. 45(d)(2)(B)(i).

Fed. R. Civ. P. 45(g).

*Am. Elec. Power Co. v. United States*, 191 F.R.D. 132 (S.D. Ohio 1999).

*Anderson v. Furst*, No. 2:17-12676, 2019 U.S. Dist. LEXIS 91263 (E.D. Mich. May 31, 2019).

*Callidus Capital Corp. v. FCA Group*, No. 14-10484, 2018 U.S. Dist. LEXIS 53715 (E.D. Mich. Mar. 30, 2018).

*Elec. Workers Pension Trust Fund of Local Union #58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, (6th Cir. 2003).

*Halawani v. Wolfenbarger*, No. 07-15483, 2008 U.S. Dist. LEXIS 100482 (E.D. Mich. Dec. 10, 2008).

*Lyons v. Leach*, No. 12-CV-15408, 2014 U.S. Dist. LEXIS 26478 (E.D. Mich. Mar. 3, 2014).

*Pearce v. Emmi*, No. 16-cv-11499, 2017 U.S. Dist. LEXIS 18178 (E.D. Mich. Feb. 9, 2017).

{01403063-3}

I.  **INTRODUCTION**

MP Star Financial, Inc. ("MP Star") filed a lawsuit in the United States District Court for the Northern District of Ohio against Nexius Solutions, Inc. *See* Case No. 1:19-cv-537 (N.D. Ohio). During discovery, MP Star served a subpoena *duces tecum* on non-party witness All Cell Communications, Inc. ("All Cell"), seeking compliance within this judicial district (the "Subpoena"). (Ex. A, Subpoena). To date, All Cell has refused to comply with the Subpoena, and has failed to respond to MP Star's multiple communications reminding it of its obligation to respond to the Subpoena.

MP Star thus moves this Court for an Order compelling All Cell to comply with the Subpoena, *see* Fed. R. Civ. P. 45(d)(2)(B)(i), and for an Order finding All Cell in contempt for failing to respond to the Subpoena, *see* Fed. R. Civ. P. 45(g).

II. **STATEMENT OF FACTS**

In December 2015, MP Star and All Cell entered into a Factoring and Security Agreement (the "Factoring Agreement") in which All Cell agreed to assign its accounts receivable to MP Star in exchange for immediate cash advances. Compl. ¶ 7, *MP Star Financial, Inc. v. Nexius Solutions, Inc.*, Case No. 1:19-cv-537 (N.D. Ohio). One of All Cell's accounts receivable that it assigned to MP Star is Nexius' account. On March 24, 2017, MP Star notified Nexius that All Cell had entered into a factoring agreement with MP Star and that any outstanding accounts and future invoices that Nexius owed to All Cell should be remitted to MP Star. Compl. at Ex. B (Remittance Instructions Letter). However, at least one payment, totaling $104,957.06 from Nexius, on an account that All Cell sold and assigned to MP Star, was misdirected by Nexius, at the request of All Cell's principal, Christopher Deckrow, to All Cell—instead of MP Star (the "Misdirected Payment"). Compl. ¶ 14. Moreover, Nexius has failed to pay over 56 open invoices to MP Star (the "Unpaid Invoices").

3

{01403063-3}

Compl. ¶ 15; *see also id.* at Ex. D (listing the Unpaid Invoices). The Unpaid Invoices total $418,498.81. Compl. ¶ 15.

On November 6, 2019, MP Star sent the Subpoena via certified mail[1] to All Cell. The Subpoena was received by All Cell a week later. *See* (Ex. A, Subpoena). It commanded All Cell to produce, on or before November 27, 2019, certain documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the same. (*Id.*). To date, All Cell has failed to comply with the Subpoena; it has not responded, objected, nor provided a valid excuse to warrant its non-compliance.

On December 5, 2019, counsel of MP Star sent by regular U.S. mail and certified mail a letter to All Cell to serve as a reminder of its obligation to respond to the Subpoena. (Ex. B, 12/5/19 Cuppage Ltr.). All Cell did not respond to the letter. Counsel for MP Star sent another reminder letter by regular U.S. mail and certified mail to All Cell on January 6, 2020. (Ex. C, 1/6/20 Cuppage Ltr.). Again, All Cell did not respond. Ultimately, MP Star has made numerous attempts to resolve this issue before seeking this Court's intervention.

Now, MP Star is left with no choice but to file this Motion to Compel Compliance and for Contempt. MP Star files this Motion in this Court, because the Subpoena requires compliance in this judicial district.[2]

---

[1]   A subpoena may be served under Fed. R. Civ. P. 45 by certified mail. *See, e.g., Oceanfirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 754 (E.D. Mich. 2011) (collecting authority).
[2]   The Federal Rules of Civil Procedure require MP Star to file this Motion in "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(2)(B)(i) and (g). Thus, because All Cell is located in the Eastern District of Michigan, Northern Division, and because the Subpoena required compliance in this judicial district, MP Star files its Motion in this Court.

4

{01403063-3}

## III. ARGUMENT

### A. All Cell Failed to Comply with the Subpoena and Thus Should Be Compelled to Produce the Specified Documents, Electronically Stored Information or Objects, and to Permit Inspection, Copying, Testing, or Sampling of the Same.

The federal rules have long permitted a party to a lawsuit to file a motion to compel a party or non-party to produce subpoenaed documents. *See* Fed. R. Civ. P. 45(d)(2)(B)(i); *see also Callidus Capital Corp. v. FCA Group*, No. 14-10484, 2018 U.S. Dist. LEXIS 53715, at *14 (E.D. Mich. Mar. 30, 2018) (noting that "Rule 45 allows a party, *at any time*, to file a motion to compel the production of subpoenaed documents"); *Pearce v. Emmi*, No. 16-cv-11499, 2017 U.S. Dist. LEXIS 18178, at *5 (E.D. Mich. Feb. 9, 2017) (recognizing that "Rule 45 provides the party who served the subpoena the means to file a motion to compel"). Specifically, Rule 45(d)(2)(B)(i) provides:

> (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
>
>> (i) At any time, on notice to the commanded person, **the serving party may move the court for the district where compliance is required for an order compelling production or inspection.**

Fed. R. Civ. P. 45(d)(2)(B)(i) (emphasis added).

And because All Cell has failed to respond at all to the Subpoena, it has waived any objections to the Subpoena. "A nonparty's failure to timely object to the subpoena waives any objections except in unusual circumstances . . . ." *Lyons v. Leach*, No. 12-CV-15408, 2014 U.S. Dist. LEXIS 26478, at *3 (E.D. Mich. Mar. 3, 2014) (citing *Am. Elec. Power Co. v. United States*,

5

{01403063-3}

191 F.R.D. 132, 136 (S.D. Ohio 1999)). There are no "unusual circumstances" here. Therefore, All Cell has waived its right to object to the Subpoena.

Furthermore, a subpoena to a third party under Rule 45 is governed by the same standards as Rule 26. *See Halawani v. Wolfenbarger*, No. 07-15483, 2008 U.S. Dist. LEXIS 100482, at *6 (E.D. Mich. Dec. 10, 2008). Under Rule 26(b)(1), the federal rules provide:

> Unless otherwise limited by court order, the scope of discovery is as follows: **Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (emphasis added).

Here, the documents, electronically stored information, or objects sought by MP Star are all highly relevant to its claims. In the Subpoena, MP Star only seeks the most important categories of documents—those that concern or relate to the Defendant, Nexius. In addition, the documents sought were crafted in such a way so as to not impose an undue burden or expense on All Cell. Simply put, All Cell has failed to respond to and/or make objections to the subpoena duces tecum. Therefore, under Rule 45(d)(2)(B)(i), this Court should compel All Cell to produce the pertinent documents requested by MP Star.

> **B. All Cell has Intentionally Ignored the Subpoena and Subsequent Correspondence and Therefore Should be Found in Contempt.**

All Cell has and continues to exhibit complete disregard of its obligations pursuant to the Subpoena. MP Star attempted on numerous occasions to resolve this issue before seeking court intervention, but All Cell continues to ignore a run-of-the-mill document request. Therefore, this Court should find All Cell in contempt pursuant to Rule 45(g).

The federal rules provide that, "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g); *see also Anderson v. Furst*, No. 2:17-12676, 2019 U.S. Dist. LEXIS 91263, at *4 (E.D. Mich. May 31, 2019) (recognizing that Rule 45(g) governs contempt). "Whether to hold a party in contempt is within the sound discretion of the district court, but it is a power that 'should not be used lightly.'" *Id.* (quoting *Elec. Workers Pension Trust Fund of Local Union #58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003)).

Here, MP Star not only served All Cell with the Subpoena, but it also sent All Cell a reminder letter by regular U.S. mail and certified mail on two separate occasions in an attempt to resolve this dispute. The two reminder letters were both delivered to and received by All Cell, as is noted by the proofs of service. (*See* Exs. B-C). Clearly, such behavior is an unambiguous indication that All Cell is intentionally ignoring its court-ordered obligations. Therefore, All Cell should be found in contempt pursuant to Rule 45(g).

## IV.   CONCLUSION

For the foregoing reasons, this Court should grant Plaintiff's Motion to Compel Compliance and for Contempt.

Dated: February 4, 2020.

Respectfully submitted,

*/s/ Charles J. Pawlukiewicz*
Charles J. Pawlukiewicz (OH: 0011499)
MCCARTHY, LEBIT, CRYSTAL
 & LIFFMAN CO., L.P.A.
101 West Prospect Avenue
1800 Midland Building
Cleveland, Ohio 44115
Telephone: (216) 696-1422
Facsimile: (216) 696-1210
Email: cjp@mccarthylebit.com

*Counsel for Plaintiff, MP Star Financial, Inc.*

{01403063-3}